<u>NOT FOR PUBLICATION</u>                              [Doc. Entry No. 12]

```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

_____   :
                              :
RAHIM CALDWELL,               :
                              :
          Plaintiff,          :   Civil Action No. 05-1913 (RMB)
                              :
     v.                       :   **OPINION & ORDER**
                              :
CITY OF NEWFIELD, et al.,     :
                              :
          Defendants.         :
_____   :

Appearances:

     Rahim Caldwell
     1299 East Cornell St.
     Vineland, NJ 08360
          Plaintiff, <u>pro se</u>

     Robert P. Merenich
     Gemmel, Todd & Merenich, P.A.
     767 Shore Road
     P.O. Box 296
     Linwood, NJ 08221
          Attorney for Defendants,

**BUMB**, United States District Judge:

   This matter comes before the Court upon a motion for summary judgment filed by Defendants City of Newfield, Newfield Police Department and Edward Seibert, Jr. ("Defendants"). Plaintiff, Rahim Caldwell, alleges Defendants violated his constitutional rights during a traffic stop that led to his arrest.  Defendants move for summary judgment on the grounds that

Plaintiff's claims imply that his arrest and subsequent conviction, which have not been reversed or impaired, were invalid.  Defendants also argue that Plaintiff's claims fail on the merits.  For the reasons below, Defendants' motion will be granted.

I. Standard

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); Hersh v. Allen Products Co., 789 F.2d 230, 232 (3d Cir. 1986).  "In making this determination, a court must make all reasonable inferences in favor of the non-movant." Oscar Mayer Corp. v. Mincing Trading Corp., 744 F. Supp. 79, 81 (D.N.J. 1990) (citing Meyer v. Riegel Prods. Corp., 720 F.2d 303, 307 n.2 (3d Cir. 1983) cert. dismissed, 465 U.S. 1091 (1984)).  "At the summary judgment stage the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The Court is mindful that pro se litigants' pleadings are held to a more liberal standing.  Pro se complaints in particular should be construed so as to do substantial justice; a short plain statement is often all that is required.  Alston v.

Parker, 363 F.3d 229, 234 (3d Cir. 2004).  It bears repeating, dismissal is appropriate only where it appears that no set of facts would entitle plaintiff to relief.  Id. at 233.  On summary judgment, however, a plaintiff must produce evidence "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  Mere allegations are not enough to survive summary judgment.  S.E.C. v. J.W. Barclay & Co., 442 F.3d 834, 840 (3d Cir. 2006) (quoting Fed. R. Civ. P. 56(e)).

II. Statement of Facts

On May 7, 2004, Defendant, Officer Seibert, an officer with the Newfield Police Department, observed Plaintiff driving a blue Pontiac without a seatbelt in violation of N.J. Stat. Ann. § 39:3-7 6.2(f).  (Defs.' Brief at ¶ 2).  Seibert effected a stop of Plaintiff; once stopped, Plaintiff exited his vehicle and started walking away from the officer.  (Id. at ¶¶ 3, 4).  Seibert advised Plaintiff to stop walking and to return to his vehicle.  (Id. at ¶ 5).  After several requests, which Plaintiff ignored, Seibert advised Plaintiff that if he did not return to his vehicle, he would be arrested for obstruction of justice.  (Id. at ¶ 10).  Plaintiff still refused to return to his vehicle.  (Defs.' Brief at ¶ 11).

3

Seibert told Plaintiff that he was under arrest and approached him.  When Seibert reached for Plaintiff's arm, Plaintiff pulled away and advised Seibert that he should not place handcuffs on him.  (Id. at ¶ 12).  Seibert then pinned Plaintiff against the car in order to place handcuffs on Plaintiff.  Seibert told Plaintiff that he was under arrest for obstruction of justice, resisting arrest and disorderly conduct.  (Id. at ¶ 13).

During the traffic stop, Seibert made several requests to Defendant Newfield Police Department's dispatcher to obtain information on Plaintiff, the blue Pontiac, and the vehicle's three passengers.  (Id. at ¶ 15).  Seibert requested information on Plaintiff's driver's license, his tags, and any outstanding arrests and warrants for Plaintiff and the passengers.  (Id. at ¶ 16).  These requests to the dispatcher were made after the vehicle stop had been effected.  (Id. at ¶ 17).

At the Newfield Police Department, Plaintiff was advised of his Miranda rights, and that he was being charged with Obstruction of Justice in violation of N.J. Stat. Ann. § 2C:29-1, Resisting Arrest in violation of N.J. Stat. Ann. § 2C-:29-2, Disorderly Conduct in violation of N.J. Stat. Ann. § 2C:33-2, Failure to Wear a Seatbelt in violation of N.J. Stat. Ann. § 39:3-76.2(f), Failure to Provide Insurance, N.J. Stat. Ann. § 39:6(b)-2, and Failure to Exhibit a Registration Card in

violation of N.J. Stat. Ann. § 39:3-29.  (Id. at ¶ 19).  When Plaintiff refused to provide fingerprints, he was charged with failure to provide fingerprints in violation of N.J. Stat. Ann. § 53:1-1(b).  (Id. at ¶ 20).

At a municipal court trial on April 4, 2005, Plaintiff and Seibert testified about the motor vehicle stop.  Plaintiff argued that he was racially profiled and otherwise stopped without justification.  Plaintiff presented a dispatch tape which was listened to by the municipal court judge and entered into evidence.  (Municipal Court Transcript, April 4, 2005, Page 111, Line 21 to Page 120).  On April 5, 2005, Plaintiff was found guilty of failure to wear a seatbelt in violation of N.J. Stat. Ann. § 39:3-7 6.2(f), and obstruction in violation of N.J. Stat. Ann. § 2C:29-1.  (Defs.' Brief at ¶ 25 - 26).  Plaintiff was also found guilty of disorderly conduct, resisting arrest, and failure to submit his fingerprints.  These charges were merged with the obstruction charge before sentencing.  (Id. at ¶¶ 26, 28).  Plaintiff was ordered to pay $356 in fines and costs.  (Defs.' Brief at ¶ 27).  Plaintiff has not appealed his convictions.  (Defs.' Brief at ¶ 28).

Plaintiff filed the pending Complaint on April 12, 2005.  The Complaint states that the claims arise under "Title VII of the Civil Rights Act of 1964, as amended, for ~~employment~~ discrimination."  (Compl. at 1).  Construing Plaintiff's

5

Complaint liberally, the Court finds the following claims: racial profiling in violation of the Fourth and Fourteenth Amendments; violation of the right to privacy; unlawful arrest; and state law claims for duress, harassment, and defamation. Principally, Plaintiff alleges that the traffic stop, the requests for information made to the dispatcher, and his subsequent arrest were in violation of the Fourth and Fourteenth Amendments.  It is not disputed that the Defendants are state actors, thus, Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983.  Defendants now move for summary judgment on multiple grounds.

Plaintiff has not filed a brief in opposition but rather a Pre-Trial Memorandum, which will be considered in opposition.  Plaintiff's Memorandum provides little assistance to the Court, however.  The Memorandum predicts a trial length of six to eight months and raises claims never before raised by Plaintiff such as the Eighth Amendment (prohibiting cruel and unusual punishment), the Thirteenth Amendment (barring slavery and indentured servitude), and the privileges and immunities clause of the Fourteenth Amendment.  These claims are not properly before the Court and need not be considered now. Notwithstanding Plaintiff's failure to properly raise these claims, there is nothing in the record that would justify these claims.

III. Analysis

Defendants contend first that Plaintiff's claims must be dismissed under what is known as the Heck doctrine. In Heck v. Humphrey the Supreme Court held that a Section 1983 claim that would imply that an arrest or conviction was invalid was not cognizable until the charges underlying the arrest or conviction were resolved in the plaintiff's favor. 512 U.S. 477, 487 (1994). More recently, however, the Supreme Court held that certain Fourth Amendment claims accrue at the time of the constitutional violation, regardless of the procedural burden Heck places on the resolution of such claims. Wallace v. Kato, __ U.S. __, __, 127 S. Ct. 1091, 1095-96, 166 L. Ed. 2d 973, 981-82 (2007). Under Wallace, any Fourth Amendment claim must be brought and, in all likelihood, stayed pending resolution of the underlying charges. Id. at 1098-99, 166 L. Ed. 2d at 984-85. In the event of a conviction on the underlying charges, the stay may extend for years while post-conviction relief is sought. Id. at 1099 n.5, 166 L. Ed. 2d at 984 n.5. Because of Wallace's potential to clog the Court's docket with unresolvable cases, this Court will reach Defendant's arguments under Heck last, only where dismissal of Plaintiff's claims on other grounds is unavailable. See also, Gibson v. Superintendent of N.J. Dep't of Law and Public Safety-Div. of State Police, 411 F.3d 427, 451 (3d Cir. 2005) (where claim would impugn the only evidence supporting

7

conviction, <u>Heck</u> applies and claim must be deferred until the conviction is overturned).

Defendants also argue that Plaintiff's claims fail on their merits.  Plaintiff complains that Seibert's stop was the product of racial profiling and without legal justification.  Plaintiff also complains that Seibert obtained information on him in violation of his right to privacy.  Finally, Plaintiff complains that his arrest was without probable cause.

In order to make out a profiling claim under the Fourteenth Amendment, Plaintiff must establish that Seibert's actions "(1) had a discriminatory effect and (2) were motivated by a discriminatory purpose." <u>Bradley v. United States</u>, 299 F.3d 197, 205 (3d Cir. 2002).  Plaintiff offers no evidence, and the Court can find no evidence in the record, that would permit a jury to conclude that either, Seibert's actions had a discriminatory effect, or were motivated by a discriminatory purpose.

As the evidence demonstrates, Seibert observed Plaintiff driving without a seatbelt in violation of New Jersey law.  Seibert decided to stop Plaintiff.[1]  There is no evidence to suggest that Seibert's actions were the consequence of racial profiling.  What is before the Court in support of Plaintiff's

---

[1] New Jersey law was amended in 1999 to permit a traffic stop on the basis of failure to wear a seatbelt.  1999 N.J. Laws 422.  Plaintiff was stopped in 2004.

8

claims is his bald allegations that, without evidentiary support, are insufficient to defeat summary judgment. <u>J.W. Barclay & Co.</u>, 442 F.3d at 840. There is no evidence to support a conclusion that a constitutional right was violated. Accordingly, Defendant Seibert is entitled to summary judgment on Plaintiff's Fourteenth Amendment claim that the stop was motivated by racial profiling.

Plaintiff also asserted that the stop was unlawful under the Fourth Amendment because it lacked legal justification and because Seibert was motivated by racial animus. The police may conduct an investigatory traffic stop with only a reasonable suspicion that criminal activity is afoot. <u>United States v. Delfin-Colina</u>, 464 F.3d 392, 396 (3d Cir. 2006). The Supreme Court later explained that a stop is legally permissible under the Fourth Amendment where "an objective review of the officer's rationale for the investigatory traffic stop . . . would support reasonable suspicion of a traffic infraction." <u>Id.</u> at 397-98 (<u>citing</u> <u>Whren v. United States</u>, 517 U.S. 806, 813 (1996)). Thus, where a police officer has ulterior motives, such as racial profiling, the stop is lawful under the Fourth Amendment if it is supported by an objectively reasonable justification such as reasonable suspicion or probable cause. <u>Whren</u>, 517 U.S. at 813.

It is clear that Seibert had a legal justification for stopping Plaintiff. Seibert observed Plaintiff driving without a seatbelt, in violation of New Jersey law. Seibert's personal

observation of a violation amounts to more than a reasonable suspicion. Moreover, there is no evidence that Seibert was motivated by Plaintiff's race, and if he was, he still had an objectively reasonable justification for stopping Plaintiff. Thus, Seibert's stop of Plaintiff was not in violation of the Fourth Amendment. Again, the only support for these claims is Plaintiff's unsubstantiated allegations, which are insufficient to defeat summary judgment. J.W. Barclay & Co., 442 F.3d at 840. Accordingly, Defendant Seibert is entitled to summary judgment on Plaintiff's Fourth Amendment claims that the stop was without probable cause and was motivated by racial profiling.

Plaintiff's next claim is that Seibert violated his right to privacy when Seibert obtained information from the police dispatcher. The Fourth Amendment protects individuals from unreasonable searches and seizure of their "persons, houses, papers, and effects . . . ." U.S. Const. amend. IV. Moreover, an individual must show he had a reasonable expectation of privacy, and an expectation society would recognize as reasonable. Minnesota v. Carter, 525 U.S. 83, 88 (1998). Here, Plaintiff had no expectation of privacy in information already possessed by the government. There is no reasonable expectation of privacy in publicly available information on Plaintiff, his driver's license, and his vehicle's registration. Moreover, the information requested was information that belonged to the state

10

not Plaintiff.  The state issued his driver's license and his vehicle registration.  The state would also have issued any legal process such as warrants for arrest.  Simply, the information sought and obtained was not private or confidential and belonged to the state, not Plaintiff.  Cf. Scheetz v. Morning Call, Inc., 946 F.2d 202, 206-07 (3d Cir. 1991)(citing cases and finding no confidentiality or expectation of privacy in information provided to police in a police report), and Laura L. v. Verniero, 170 F.3d 396, 400-01 (3d Cir. 1999) (citing cases and finding no Fourth Amendment interest in dissemination of information of "criminal activity beyond law enforcement personnel").  Accordingly, Defendant Seibert is entitled to summary judgment on Plaintiff's Fourth Amendment claims for invasion of privacy.

Plaintiff's final claim is for unlawful arrest.  A claim for false arrest centers on the question of whether the "arresting officer had probable cause to believe the person arrested had committed the offense." Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988).  Here, Seibert observed Plaintiff driving without a seatbelt.  Once stopped, Plaintiff exited the car and refused to heed Seibert's instructions to return.  Seibert warned Plaintiff that he was obstructing Seibert's investigation and would be arrested.  Plaintiff continued to ignore Seibert's instructions.  When Seibert attempted to arrest Plaintiff, Plaintiff resisted and

11

pulled away.  It cannot be disputed that Seibert had probable cause to arrest Plaintiff for obstruction of justice and resisting arrest.  Accordingly, Defendant Seibert is entitled to summary judgment on Plaintiff's Fourth Amendment claims of false arrest.

Finally, this Court notes that Plaintiff's claims were raised as defenses in his municipal trial.  (Def.'s Br. at 19-21).  The judge there rejected Plaintiff's arguments that Seibert was motivated by Plaintiff's race and lacked legal justification to make the stop and arrest.  Thus, Plaintiff's § 1983 claims are unquestionably collateral attacks on those rulings.  <u>Seborowski v. Pittsburgh Press Co.</u>, 188 F.3d 163, 169 (3d Cir. 1999).  The <u>Heck</u> doctrine aside, Plaintiff should not be allowed to relitigate those issues without first exhausting his direct appeals.

Nonetheless, the Court has found that all of Plaintiff's federal claims fail on the merits.  With all claims against Defendant Seibert dismissed, there is no basis for finding Defendant City of Newfield liable, <u>Williams v. Borough of West Chester</u>, 891 F.2d 458, 467 (3d Cir. 1990), and all federal claims against it will be dismissed.  With the federal claims dismissed this Court will decline to exercise supplemental jurisdiction over the state law claims.  28 U.S.C. § 1367(c)(3).  They will be dismissed without prejudice.

IV. Conclusion

      For the reason discussed above, Defendants' motion for summary judgment is granted.


Date: March 30, 2007                        s/Renée Marie Bumb
                                            RENÉE MARIE BUMB
                                            United States District Judge

[Doc. No. 12]
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| RAHIM CALDWELL, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 05-1913 (RMB) |
| | : | |
| v. | : | **ORDER** |
| | : | |
| CITY OF NEWFIELD, et al., | : | |
| | : | |
| Defendants. | : | |

This matter coming before the Court upon a motion for summary judgment by Defendants City of Newfield and Edward Seibert, Jr.; and the Court having read the submissions; and for the reasons stated in the Opinion issued this date,

IT IS, THEREFORE, on this **30th** day of **March** 2007

HEREBY **ORDERED** that Defendant's motion for summary judgment in the above captioned matter is **GRANTED**; and

FURTHER **ORDERED** that the Clerk is directed to close the file.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge